CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY HANKINS CORBIN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:06-cv-00668 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MIDDLE RIVER REGIONAL JAIL, | ) | By:  Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Timothy Hankins Corbin, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Corbin challenges the revocation of his three-year suspended sentence for violation of probation conditions after his plea of guilty to possession of a controlled substance.  As grounds for relief, Corbin alleges ineffective assistance of counsel and that his "sentence . . . was too harsh."  The court finds that Corbin has failed to exhaust his available state court remedies and therefore dismisses his petition without prejudice.

### I.

Corbin was on probation for a conviction wherein the judge sentenced Corbin to three years, suspended, provided he complied with the conditions of his probation.  On February 23, 2006, Corbin plead guilty to possession of a controlled substance and was thereafter charged with violating the terms of his probation.  As a result, the court revoked Corbin's three-year suspended sentence.

Corbin claims that he has a "learning disability with a fourth grade education" and that his attorney misrepresented him by "using [his] disabilities against [him]."  Corbin also claims that the judge's revocation of his three year suspended sentence was "too harsh" and "should be overruled."

Corbin's petition was conditionally filed, advising him that it did not appear that he had exhausted his state court remedies.  Corbin was given the opportunity to amend his petition to state whether he had raised his claims on direct appeal in the Supreme Court of Virginia or whether he

had filed any state habeas petition. Corbin responded by informing the court that he had not brought a state habeas action. In addition, Corbin did not present any evidence that he has raised his claims on direct appeal to the Supreme Court of Virginia, either in his initial petition or in his response to the conditional filing order.

## II.

A petitioner cannot seek the intervention of a federal court by filing a § 2254 petition until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. § 2254; Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims.[*] As Corbin has neither presented his claims to the Supreme Court of Virginia on direct appeal, nor filed a state habeas corpus petition, the court dismisses Corbin's petition for failure to exhaust state court remedies.

## III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 28th day of November, 2006.

_____
United States District Judge

---

[*] Va. Code §8.01-654.